**USERY & ASSOCIATES**
BY:  Tariq J. Messineo
Attorney ID No.: 018422009
485 Lexington Avenue, 6th Floor
New York NY 10017
Tel: (860) 954-4765
*Attorney for Plaintiff*
*The Phoenix Insurance Company*

## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, | : | Civil Action No.  **1:22-cv-1265 (LEK/CFH)** |
|  | : |  |
|  | : |  |
|  | : |  |
| Plaintiff, | : |  |
| v. | : | COMPLAINT FOR DECLARATORY |
|  | : | RELIEF |
| LIBERTY MUTUAL INSURANCE COMPANY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

COMES NOW the Plaintiff, The Phoenix Insurance Company ("Phoenix"), by and through its undersigned counsel, Usery & Associates, and requests judgment in its favor and against the Defendant, Liberty Mutual Insurance Company ("Liberty"), and in support of such request states as follows:

### NATURE OF THE ACTION

1.      In this action, Phoenix seeks a declaration that Liberty is obligated to defend and to indemnify Plank, LLC ("Plank") in connection with an underlying personal injury action asserting claims for injuries allegedly sustained by Terence Goyer (the "Claimant").

## PARTIES

2.      At all times relevant hereto, Phoenix was and is a Connecticut corporation with a principal place of business in Hartford, Connecticut.

3.      Upon information and belief, Defendant Liberty is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and under the Declaratory Judgment Act, 28 U.S.C. § 2201, as the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000.00.

5.      The United States District Court for the Northern District of New York is the proper venue for this action under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

6.      An actual justiciable controversy exists between the parties as to coverage afforded under a policy issued by Defendant Liberty.

7.      Plaintiff Phoenix has no adequate remedy at law.

## THE RELEVANT INSURANCE POLICIES

8.      Phoenix issued a policy providing coverage subject to its terms and conditions to Plank under policy number CO-0387B788 for the policy period February 18, 2018 to February 28, 2019 (the "Phoenix Policy")(Exhibit "1").

9.      Subject to certain terms, conditions, and exclusions, the Phoenix Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10.     The Phoenix Policy contains excess "other insurance" language that provides that coverage under the Phoenix Policy is excess over any other coverage available to Plank as an additional insured.

11.     Defendant Liberty issued policy number TB6Z11262253047, for the policy period September 21, 2017 to September 21, 2018, listing the named insureds as Rozell Industries, Inc. & Rozell Development LLC, Rozell East, Inc. and Rozell North, LLC. ("Rozell").  A true copy of the Liberty Certificate of Insurance and Blanket Additional Insured Endorsement are attached hereto as Exhibit "2."

12.     Subject to certain terms, conditions, and exclusions, the Liberty Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13.     The Liberty Policy contains an Additional Insured – Owners, Lessees or Contracts – Scheduled Person or Organization (form CG 20 10 10 01), which states in relevant part that:

> **Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

## BACKGROUND FACTS

14.     Plank as "Contractor" entered into an agreement with Rozell as "Subcontractor" (the "Subcontract Agreement") dated August 15, 2018, under which Rozell was to perform certain work, including metal building erection, at the Prattsville Fire District 14563 Main Street, Prattsville, NY 12468, in connection with the construction of a new fire station.  A true copy of said Subcontract Agreement is attached hereto as Exhibit "3."

15. The Subcontract Agreement provides that Rozell "will prior to the start of work at the site, procure and maintain at his own expense the following insurance coverage and limits of liability as detailed on Exhibit 3. . . .. . ." *See* Ex. B, Article 6.1.

16. Exhibit C of the Subcontract Agreement states as follows:

INSURANCE REQUIREMENTS:

The Subcontractor shall purchase and maintain at a minimum the following types of insurance coverage and limits of liability:

Commercial General Liability (CGL) with limits of insurance of not less than $1,000,000 each Occurrence and $2,000,000 Annual Aggregate. CGL coverage shall be written on ISO Occurrence form CG00011093 or a substitute form providing equivalent coverage and shall cover liability arising from premises, operations, independent contractors, products-completed operations, and personal and advertising injury. If the CGL coverage contains a General Aggregate Limit, such General Aggregate shall apply separately to each project. Contractor, Owner and all other parties required of the Contractor, shall be included as Additional Insureds on the Subcontractor's CGL policy using ISO Additional Insured endorsement CG20101185, or CG20101093 and CG2037, or CG2033 and CG2037, or an endorsement providing equivalent coverage to the Additional Insureds. This insurance for the Additional Insureds shall be as broad as the coverage provided for the named insured Subcontractor. This insurance for the Additional Insureds shall apply as primary and non-contributing insurance before any insurance or self-insurance, including any deductible, maintained by, or provided to, the Additional Insureds. Subcontractor shall maintain CGL coverage for itself and all Additional Insureds for the duration of the project and maintain Completed Operations coverage for itself and each Additional Insured for at least 1 year after completion of the work. *See Id.*

17. Claimant filed a lawsuit against Rozell, entitled *Terence Goyer v. Rozell Industries, Inc.*, Index 906545-20 seeking to recover for injuries he allegedly sustained on September 5, 2018 as a result of his allegedly being struck by and run over by a fork-lift operated by Christopher Mitchell, an employee of Rozell. ("Underlying Action")(Exhibit "4").

18. Rozell filed a third-party action in the Underlying Action against JLG Industries, INC., Skyworks, L.L.C., and Skyworks related entities ("Skyworks")(Exhibit "5").

19. Skyworks filed a fourth-party action in the Underlying Action against Plank. (Exhibit "6").

20.    Phoenix has provided and continues to provide a defense for Plank in the Underlying Action.

## TENDERS TO LIBERTY

21.    By letter dated March 4, 2022, Phoenix tendered to Liberty for coverage for Plank.

22.    By email dated May 10, 2022, a representative from Liberty responded to the tender indicating it needed further clarification as to whom Phoenix sought coverage.

23.    On May 18, 2022, Phoenix responded to said email confirming the tender was made on behalf of Plank, and it also provided another copy of the Fourth-Party Summons brought against Plank.

24.    Liberty failed to respond.

25.    On June 13, 2022, Phoenix sent another email to Liberty requesting a response to its tender on behalf of Plank.

26.    Liberty failed to respond.

27.    By letter dated October 22, 2022, formal demand was made by and through counsel for Phoenix served upon Liberty via regular mail, email and fax tendering to Liberty for coverage for Plank.

28.    Liberty again failed to respond.

29.    To date, Liberty has refused to accept Phoenix's tender with respect to the Underlying Action.

## PHOENIX'S CLAIM FOR DECLARATORY RELIEF

30.    Phoenix repeats and realleges the allegations contained in paragraphs 1-29 above as if set forth here in their entirety.

31.    Plank qualifies as an additional insured under the Liberty Policy.

32.     Coverage for Plank under the Liberty Policy is primary to and non-contributory with the Phoenix Policy with respect to the Underlying Action.

33.     Accordingly, Phoenix seeks a declaration that Liberty has an obligation to defend and indemnify Plank as an additional insured with respect to the Underlying Action; that the coverage provided to Plank by the Liberty Policy is primary; and that the obligations of Phoenix to Plank are excess to proper exhaustion and full payment of the limits of the Liberty Policy.

34.     In addition, Phoenix seeks an award at law and in equity against Liberty for recovery of all sums Phoenix expended to defend and indemnify Plank in the Underlying Action because the coverages provided by the Liberty Policy are primary to any coverage provided by Phoenix.

Wherefore, Plaintiff Phoenix respectfully requests that this Court issue a judgment as follows:

1.     Declaring that the Liberty Policy was in full force and effect on the date of the alleged accident.

2.     Declaring that all terms and conditions of the Liberty Policy have been complied with and met.

3.     Declaring that the alleged incident and Underlying Action fall within the coverage afforded by the Liberty Policy.

4.     Declaring that Defendant Liberty owes a duty to defend Plank in connection with the Underlying Action.

5.     Declaring that Defendant Liberty owes a duty to indemnify Plank in connection with the Underlying Action.

6.     Declaring that Defendant Liberty's coverage obligations to Plank in connection with the Underlying Action are primary.

7.     Declaring that Plaintiff Phoenix's coverage obligations under the Phoenix Policy are excess and non-contributory to those of Defendant Liberty with respect to the Underlying Action.

8.     Declaring that an actual controversy exists between Plaintiff Phoenix and Defendant Liberty with respect to Liberty's duty to defend and to indemnify Plank in connection with the Underlying Action.

9.     Granting an award in favor of Plaintiff Phoenix against Defendant Liberty for all sums Phoenix has paid in defending and indemnifying Plank as to the Underlying Action.

10.     Granting an award in favor of Plaintiff Phoenix for the costs of suit incurred herein.

11.     Granting such other and further relief as the Court may deem just and proper.

Dated: November 28, 2022

**RESPECTFULLY SUBMITTED:**

**USERY & ASSOCIATES**

By:   /s/ Tariq J. Messineo
        Tariq J. Messineo
        *Attorneys for Plaintiff The Phoenix Insurance Company*
        Tel: 860.954.4765
        Fax: 844.571.3789
        Email: tmessine@travelers.com

        Please address all correspondence sent by mail to:
        P.O. Box 2996
        Hartford, CT 06104-2996

        Physical Address:

7

485 Lexington Avenue, 6th Floor
New York NY 10017